The State ex rel. The Attorney-General vs. Merrill.

THE STATE ex rel. THE ATTORNEY-GENERAL V. MERRILL.

2p 279|
81 473|

1. RECEIVER OF CANAL LANDS—TERRITORY—STATE.—The office of receiver of the proceeds of the sale of the canal lands, granted by the United States to Wisconsin territory, having been created by the territorial government, he became the trustee of the fund for the benefit of the territory; and upon the organization of the state it succeeded to the rights of the territory in the premises, so that whatever obligation or duty he had owed to the territory in the premises, he thereafter owed to the state as its successor.

2. TRUSTEE.—A trustee will not be allowed to contest the rights or claims of the party who created him such trustee, by setting up that there are other claimants to the trust fund, so as to make it necessary for such contesting claimants, as against him, to interplead each other for the establishment of their claims.

(1 *Chand.* 258.)

MOTION for a *mandamus.*

This was an application for a *mandamus* against the defendant under and by virtue of a legislative act of the state, passed March 2, 1849, entitled "An act to prescribe certain duties of the attorney-general, of the state, and the district attorney of Milwaukee county." See Session Laws of 1849, page 39.

*Merrill* was elected by the joint action of the territorial legislature, receiver of the lands donated by an act of congress to the territory of Wisconsin, to aid in the construction of the contemplated Milwaukee and Rock river canal. The *state* of Wisconsin on becoming admitted as such, claimed (as would appear by the passage of the act in question) the proceeds of the lands in the hands of *Merrill*, the receiver. In accordance with the provisions of the act before referred to, the attorney-general procured the affidavit of Beriah Brown, the then acting clerk in the office of the secretary of state, that he had made an examination and search of the records and papers of that office, for the bonds, mortgages and other papers pertaining to the canal lands, and could find none

deposited there. He also procured the affidavit of the deputy treasurer of state, showing that *Merrill* had not deposited with the treasurer any proceeds of the sale of the canal lands. He also procured the affidavit of the governor of the state, setting forth that *Merrill* had not rendered to him a final account of the moneys received by him, *Merrill*, as receiver.

Afterwards the attorney-general made his certificate that he had called upon *Merrill*, and had exhibited to him a certified copy of the act of the legislature before referred to, and demanded that he should forthwith pay over to the treasurer of the state the amount received by him, *Merrill*, as receiver of the Milwaukee and Rock River canal lands ; and that he also deliver to the treasurer of the state, the books, papers and vouchers belonging to the office of receiver ; that *Merrill*, at the time of such demand, promised to call upon the attorney-general, at a specified day, and give him his final answer as to the demand made by him ; but that he did not call in accordance with such promise, and had done nothing in the premises.

Upon these papers, *Mr. Brown*, the attorney-general, made a motion for a *peremptory mandamus*, to be directed to *Merrill*, requiring him to deliver to the treasurer of the state all books, vouchers, bonds, mortgages, and other papers received by him in his character of receiver, in accordance with the provisions of the statute before referred to, and also requiring *Merrill* to render a true account of all the sales made, or moneys received by him as such receiver, for which he had not already accounted, and to pay over to the treasurer of the state the balance not already accounted for.

*J. S. Brown*, attorney-general for the *State*.

The reporter had not the opportunity of hearing the argument of the attorney-general, or of inspecting his brief. But he was understood to have assumed and argued, that the donation made by congress, of the lands in question to the *territory* of Wisconsin, to aid in the construction of the Mil-

waukee and Rock river canal, and the territory, having become merged in the state by an act of congress admitting it as such, it succeeded to all the rights which the territorial government had, or could have, in the donation made by congress for the benefit of the territory; that, if the government of the United States claimed any interest in the donated lands, it had not asserted any such claim, or taken any steps to reclaim from the receiver, *Merrill*, either the moneys or securities in his hands for the lands sold, and for which he held the moneys or securities; that the state had, at all events, become the trustee of the government of the United States, as to all claims which it had, and was invested with authority to call the receiver to an account for his stewardship; that the receiver, under this state of the case, could not defend himself from the claim of the state, made upon him by this procedure, by denying its authority or repudiating its interest in the fund claimed to be in his hands; and that the state, as the successor of the territory, had the right, at least, to bring the receiver to an account; and if that were done, the state would be liable to the government for the amount it should recover, provided the funds should be established to belong to the United States.

*A. D. Smith* and *J. E. Arnold*, for respondent, argued that the territory was not bound to become the owner of the canal, though it would have had an interest in it to the extent of the donation made by congress; that, by the resolutions and acts of the territorial legislature, there was a strong attempt to pervert and abuse the trust, and to divert the fund to the use of the territory, regardless of the trust which had been assumed; that in the transit of the territory into a state, the state did not acquire the right conferred by congress upon the territory, unless upon the condition that it (the *state*) should assume all the duties, liabilities and obligations imposed upon the territory by the act of congress, which it had not done; that if the state could acquire any

interest in the lands which remained undisposed of, at the formation of the state, it could do no act to annul or counteract any thing done by the territory, nor control or prevent the exercise of any functions of any officer appointed by the territorial legislature, in regard to his official acts in office; that *Merrill* had no appointment under the state government, but held his office of receiver, free and distinct from any dependence upon, or subserviency to state authority.

WHITON, J.    The application by the attorney-general, for a mandamus in this case, is founded on an act of the legislature, passed March 2d, 1849, which provides, among other things, that the attorney-general shall demand of *Merrill* that the amount received by him, as receiver of the Milwaukee and Rock river canal lands, be forthwith paid over to the state treasurer, and that the books, papers and vouchers belonging to the said office of receiver, and relative to the said canal lands, be forthwith delivered over to the state treasurer.    That act further provides, that if *Merrill* shall fail or neglect to comply with such demand for the space of five days, then the attorney-general shall cause a *mandamus* to issue from the supreme court, etc.    There are a number of other provisions contained in the act, to which it is not necessary to refer.    We are satisfied that without the act, we have full power over the subject-matter of this application, as well as jurisdiction of the case.

It appears, by the certificate of the attorney-general, that he made the demand upon the respondent about the thirty-first day of March, A. D. 1849 ; and it further appears by the affidavits of the proper state officers, that the demand has not been complied with.

The counsel for the respondent contended, in the argument, that the funds, as well as the other property mentioned in the act of the legislature, are not the property of the state, and that the state officers have no right to the custody or

control of them.   The foundation for this argument is the
alleged fact, that the proceeds of the lands donated by con-
gress, to aid in the construction of the Milwaukee and Rock
river canal, belong to the United States ; the property which,
by the act above referred to, the respondent was commanded
to deliver to the state treasurer, being a portion of those
proceeds.   This, if I correctly apprehended the position
taken by the counsel for the respondent, is the only reason
why the command of the legislature is resisted.   Without
examining this position, for the purpose of ascertaining its
correctness, it may be well to inquire whether, if well taken,
it can avail the respondent in this proceeding.   He was
elected receiver of the canal lands, by the two houses of the
legislature of the territory of Wisconsin ;  that legislature
created the office and prescribed the duties ; and he obtained
possession of the property in question by virtue of his office.
As between him and the territory of Wisconsin, there can be
no question in regard both to the legal and moral obligation
resting upon him ; authority need not be cited to show that,
by accepting the office and undertaking to perform its duties,
he became answerable to the territory of Wisconsin for the
manner in which those duties were discharged.   This office
created a trust which he undertook to fulfil, and to its per-
formance he must be held.   He became the agent of those
whose officer he was, and having possession of the property,
by virtue of his agency, he cannot compel his principal and a
third party to implead, to determine their rights to it, while
he retains possession ; if the territory was in existence, he
would have a plain duty to discharge, which could be ful-
filled only by delivering to his principal the property in
question.

But the territory having ceased to exist, his counsel con-
tended that he can only be compelled to deliver the property
to its rightful owner, whom he alleges to be the United States ;
that whatever might have been his obligation to the territory,

in respect to this property, he owes none to the state of Wisconsin.

This position will not bear scrutiny. The state is the successor of the territory, and if the respondent contracted any obligation to the territory, by accepting the office, he is bound by the same obligation now to the state. If he had executed a bond to the territory, for the payment of money, I suppose it would be admitted. that the state would be entitled to collect the money due upon it; and yet, this proposition is no clearer or manifest than that the duties and obligations of the respondent, created by his official relations to the territory, are due now to the state, as its successor. Const. Wis. art. 14, §§ 4, 5.

A peremptory *mandamus* must issue.